### INCOMPETENT EVIDENCE AS TO INJURY.

Circuit Court of Summit County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY v. ROSE
HANSON.

Decided, October 8, 1908.

*Personal Injuries—Evidence as to Nature of Injury.*

In a personal injury damage case, it is not proper to permit a daughter
of the plaintiff to testify that her mother was unable to work after
she was injured because she was nervous and her back hurt her.

*Rogers, Rowley & Rockwell*, for plaintiff in error.
*A. E. Kling*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Defendant in error recovered a judgment against plaintiff in
error, by the consideration of the common pleas court, assessing
her damages at $2,000 by reason of injuries which she claimed
to have received when a car of the traction company in which
she was riding as a passenger, jumped the track when going up
a hill on a curve.

In this court the right of the plaintiff below to recover is not
seriously contested, but it is said that the verdict is excessive;
that Mrs. Hanson was not hurt seriously enough to warrant the
payment to her of any such sum as the jury awarded her and
that the excessive verdict was largely due to the admission of
improper evidence.

The evidence with regard to Mrs. Hanson's injuries is con-
flicting. She had no bones broken, but was somewhat bruised
in the accident. She claims, however, and in this she is sus-
tained by her family physician, that she has suffered prostration
as a result of the shock she received and is now unable to do her
housework because of it. Two reputable physicians testified on
the other side that she is not suffering from nervous prostration,
but has rheumatism and other ailments due to her advancing
years. She is sixty-one years old.

With this conflict in the evidence we would not disturb the jury's verdict, though we might ourselves be of the opinion that the sum-allowed is too much. A more serious question is presented, however, by rulings of the trial judge on questions asked of Mrs. Hanson's daughter, who testified over the objection of the defendant below, as shown on pages 12, 13 and 14 of the record, as follows:

"You may state whether or not your mother does any ironing since she was hurt? A. She don't do any ironing at all.

"Q. Why?

"Objected to.

"Q. If you know?

"Objected to; objection overruled; defendant excepts.

"A. Because she's nervous.

"Mr. Rodgers: We ask that the answer be excluded.

"The Court: The answer may stand. Defendant excepts.

"Mr. Kling: Q. Is there any other reason why? A. She is unable.

"Q. Is there some other reason why she doesn't do any ironing?

"Objected to; objection overruled; defendant excepts.

"A. Because she's not able to do it.

"Mr. Rodgers: We ask the answer be stricken out.

"The Court: Overruled. Defendant excepts.

"Mr. Kling: Since your mother's injuries does she do any washing?

"Objected to; objection overruled; defendant excepts.

"A. No, sir.

"Q. For what reason doesn't she do any washing?

"Objected to; objection overruled; defendant excepts.

"A. Account of her back; she can't lean over.

"Mr. Rodgers: I ask that the answer be excluded.

"The Court: Overruled. Defendant excepts.

"Mr. Kling: Is there any other reason why she doesn't do any washing?

"Objected to; objection overruled; defendant excepts.

"A. Because she's nervous.

"Mr. Rodgers: We ask that the answer be stricken out.

"The Court: Overruled. Defendant excepts.

"Mr. Kling: Q. Is there any other reason why she doesn't do any washing?

"Objected to; objection overruled; defendant excepts.

"A. Because she's not able to do it; she's too nervous.

"Q. What do you mean by not able to do it?

"Objected to; objection overruled; defendant excepts.

"A.   She's nervous and her back hurts her.

"MR. RODGERS:   We ask that the answer be excluded.

"THE COURT:   It may remain.

"Defendants excepts.

"Q.   Since this accident does your mother do any sweeping of the floors?

"Objected to; objection overruled; defendant excepts.

"A.   Yes, sir.

"Q.   What part?   A. Kitchen.

"Q.   Any other part of the house?   A. No.

"Q.   Why doesn't she?

"Objected to; question withdrawn.

"Q.   Does your mother do any sweeping since this accident?

"Objected to; objection overruled; defendant excepts.

"A.   The kitchen.

"Q.   What's the reason your mother doesn't sweep the other rooms?

"Objected to; objection overruled; defendant excepts.

"A.   She's so nervous she can't hold the broom in her hands.

"Q.   Any other reason?   A. She can't stoop. --

"Q.   Any other reason?   A. Her back hurts her.

"Q.   You may state whether or not your mother made any complaint of pains at the time she came home and while in bed after this accident?

"Objected to; objection overruled; defendant excepts.

"A.   Yes, sir.

"MR. RODGERS:   We ask that the answer be excluded.

"THE COURT:   It may stand.   Defendant excepts."

It was perfectly competent for this witness to say that since the accident her mother had done no ironing, washing or sweeping, but she should not have been permitted to give her opinion as to why her mother didn't do this work.   It was also competent for the daughter to testify as to her mother's apparent physical condition and ability to work, but to permit her to give her opinion that her mother couldn't work because she was too nervous, was clearly error.   Medical experts might possibly be called upon to express an opinion of this kind but only after full statement of the facts upon which they based it.

In this case the rules laid down by the Supreme Court in the case of *Railroad Company* v. *Schultz*, 43 O. S., 270, 282, regard-

ing the admissibility of the opinions of witnesses, were clearly violated.

The evidence thus admitted was extremely prejudicial to the rights of the defendant below.   For error in ruling on evidence the judgment is reversed and the cause remanded for a new trial.